PUMP CO. v. RAILROAD.

(Filed May 9, 1905.)

*Railroads—Overcharges on Freight—Evidence.*

1.  In an action to recover a penalty for overcharge on freight, under Chapter 590, Acts 1903, whether there is or is not an overcharge depends upon evidence as to the rate exacted for transportation and the rate fixed by the tariff of the company or by the law, and the court erred in admitting the unsworn declarations of an agent that there was an overcharge.

2.  In an action to recover a penalty for an overcharge the jury having found that the shipment of goods was made upon a connecting line on a bill of lading which accompanied the goods, and that the defendant collected only the rate specified in the bill of lading, the plaintiff cannot recover.

ACTION by Latta Martin Pump Co. against the Southern Railway Company, heard by *Judge James L. Webb* and a jury at the February Term, 1905, of the Superior Court of CATAWBA County.

This was a civil action brought to recover a penalty under Chapter 590, Sections 1 and 2, Acts of 1903, for making overcharges on freight.  The court submitted the following issues:  1. Did defendant demand, collect and

receive from plaintiff an overcharge of freight on shipment of iron fittings delivered to plaintiff by defendant on August 29th, 1903? Answer, Yes. 2. Did plaintiff file with the agent of defendant company a written demand supported by a paid freight bill and the original bill of lading or a duplicate thereof on the 31st day of August, 1903? Answer, Yes. 3. What is the amount of penalty which plaintiff is entitled to recover of defendant? Answer, $100. 4. Were the goods for which freight was charged and paid over, for which overcharge is claimed, shipped from Chicago, Ill., over the Pittsburg, Cincinnati, Chicago and St Louis Railway Company, and other connecting lines to the city of Hickory, North Carolina? Answer, Yes. 5. Was said shipment of goods on bill of lading issued by the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, specifying said shipment as 1,260 pounds, at a specified freight rate of $1.06 per hundred pounds? Answer, Yes. 6. Did the defendant collect only at said rates at $1.06 per hundred pounds? Answer, Yes. 7. Did the goods come to the hands of defendant as one of said common carriers at some intermediate point and did defendant transport same to Hickory, N. C., and deliver same to the consignee, the plaintiff, upon payment by plaintiff of the amount specified in the bill of lading issued by the P. C. C. and St. Louis Railway Company? Answer, Yes.

From a judgment for plaintiff, the defendant appealed.

*Self* & *Whitener* for the plaintiff.
*S. J. Ervin* for the defendant.

BROWN, J. The goods on which it was contended there was an overcharge of $6.30 consisted of 1260 pounds of iron valves shipped from Chicago, Ill., to the plaintiff at Hickory N. C., on a bill of lading issued at Chicago by the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company,

which specified the weight of the shipment at 1260 pounds, and the freight rate at $1.06 per hundred pounds making a total charge of $13.35. These goods were transported over the line of this road and other connecting carriers, came into the hands of the defendant company at some intermediate point and were transported by the defendant to Hickory, N. C., and there delivered to the consignee, The Latta Martin Pump Company, upon payment of the amount specified in the bill of lading issued at Chicago. The plaintiff contended that there was an overcharge of $6.30. Why there was an overcharge, how, or in what respect, does not appear. There was no testimony as to the amount of the overcharge; no tariff of any road being offered and no statute fixing the rate. The only evidence offered on this point was the declaration of the agent at Hickory that there was an overcharge. This was objected to on the ground that it was incompetent; that it was a mere opinion; that the printed tariff of rates was the best evidence. The defendant also contended that Chapter 590, Acts of 1903, should not be so construed as to apply to the facts of this case and if so construed as to apply to shipments from other States it would amount to a regulation of commerce among the States and is void under the Constitution of the United States, Article 1, Section 8.

It is unnecessary for us to pass upon the doubtful competency of the agent's declarations. It is sufficient to hold that they are a mere expression of opinion as to a matter which may be a question of law and fact. Under the Act of 1903, the question whether there was an overcharge depended upon the fact whether the amount exacted for the transportation of the goods was in excess of the "rates appearing in the printed tariff of said company or more than is allowed by law." The printed tariff or the law fixing the rate, if there be any, is therefore the best evidence as to whether there has been an overcharge or not. The declaration of the agent was a mere opinion and proves nothing. The question

PUMP CO. *v.* RAILROAD.

whether there is or is not an overcharge depends upon evidence as to the rate exacted for transportation and the rate fixed by the printed tariff or the law. From such evidence the law infers that there was or was not an overcharge. The Court permitted the unsworn declarations of the agent to decide this matter which was the very question to be determined by the jury under the first issue. In this there was error. Under the fifth issue the jury have found as a fact that the shipment of goods was made originally upon the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, upon a bill of lading which accompanied the goods, specifying the shipment as 1260 pounds at a specified freight rate of $1.06 per hundred pounds, and in response to the sixth issue the jury have found that the defendant collected only the freight rate specified upon the bill of lading which accompanied the goods from Chicago. We are of opinion that there is no evidence presented in the record upon which the plaintiff can recover.

It is unnecessary for us to determine the interesting constitutional question so ably and elaborately discussed in the brief of defendant's counsel.

New Trial.